UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| _____ | |
| W. FREDERICK MARQUIS, | Civil Action No. |
| Plaintiff | |
| v. | |
| LIFE INSURANCE COMPANY | COMPLAINT UNDER |
| OF NORTH AMERICA, | 29 U.S.C §1132 |
| Defendant | |

The Plaintiff complains against the Defendant as follows:

1.      The Plaintiff is a resident of Carmel, Maine.

2.      The Defendant is an insurance company licensed to do business in

Maine.

3.      This Court has jurisdiction of this lawsuit under 29 U.S.C. §1132.

4.      The Plaintiff has exhausted all legally-required administrative

remedies.

### ERISA-GOVERNED LONG-TERM DISABILITY PLAN

5.      On the date that he became "disabled", February 7, 2015, the Plaintiff

was insured under the ERISA-governed Group Long-Term Disability

("LTD") Insurance Policy (the "Policy") issued by the Defendant to Omega Natchiq.

6.      On the date he became disabled, the Plaintiff worked for Omega Natchiq as a CDL truck driver.

7.      The Policy considers an insured employee "Disabled" for the first 12 months disability benefits are payable "if, solely because of Injury or Sickness, he or she is: (1) unable to perform the material duties of his or her Regular Occupation; and (2) unable to earn 80% or more of his or her Indexed Earnings."

8.      After disability benefits have been paid for 12 months, the Policy states that the insured employee is considered "Disabled" "if, solely due to Injury or Sickness, he or she is: (1) unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training, or experience; and (2) unable to earn 80% or more of his or her Indexed Earnings."

9.      The Plaintiff was 61 years of age on the date he became "disabled," and is currently 64 years of age.

10.     The Defendant paid the Plaintiff his LTD benefits for 19 months – from August 9, 2015 through March 5, 2017 - and then denied further LTD benefits, asserting that the Plaintiff could return to work in his regular

Occupation as a truck driver, and could also work as an assignment clerk.

11.   Following the Plaintiff's timely appeal, the Defendant upheld its denial of the Plaintiff's Claim on appeal, asserting that the Plaintiff could return to work and perform the material duties of his regular Occupation as a truck driver, and could also perform the material duties of a packing house supervisor.

**RELEVANT FACTS**

12.   The Plaintiff suffers from the following severe injuries and/or sicknesses, which, in combination, are disabling as defined by the Policy: Bilateral arthritis in his hands, knees, and feet with resulting severe pain and stiffness; bilateral arthritis in his shoulders with severe pain; pain post-right shoulder rotator cuff repair surgery; severe pain and numbness bilaterally in both hands, post-carpal tunnel release surgery; multi-level thoracic and lumber degenerative disc disease with neural foraminal encroachment resulting in severe pain and limitations in movement.

13.   The Plaintiff's primary care provider, Karen Nichols, PA, states that the Plaintiff's ability to effectively manage his daily activities vary widely because his symptoms vary wildly in intensity and duration, and she believes his "good days" with his symptoms are rare.

14.   Ms. Nichols believes that the Plaintiff is limited to sitting no more than 2.5 hours in the course of an 8 hour work day.

15.   Ms. Nichols additionally believes that if the Plaintiff attempted to return to work in an occupation that is performed primarily from a seated position, he would need additional, unscheduled breaks at will for walking around for stretching and pain relief during an 8-hour shift.

16.   Ms. Nichols explains her opinion as follows: "There are multiple activities at home patient unable to accomplish for general maintenance of self/house – thus, unable to provide much physical endurance for an employer."

17.   Ms. Nichols further believes that the Plaintiff can only do fine motor functions for handling rarely; fine motor functions for fingering rarely; gripping, grasping and holding only occasionally; using arms at or above the height of her shoulders rarely; and pushing and pulling only rarely.

18.   Ms. Nichols believes that, due to his symptoms, if the Plaintiff attempted to return to any occupation, he could not be a reliable employee able to meet a typical employer's expectations for regular reliable attendance.

19.   Ms. Nichols also believes that if the Plaintiff attempted to return to any occupation which is simple, regular, and full-time, for up to two-thirds

of an 8-hour work shift, his pain likely would reach levels that are distracting and would interfere with concentration and attention.

### COUNT I

20.    The Defendant relied on the opinions of Louise Banks, MD, MPH, board certified in Occupational and Internal Medicine as the basis for its denial of the Plaintiff's Claim on appeal.

21.    Dr. Banks merely performed a review of the Plaintiff's medical records and did not examine or meet the Plaintiff.

22.    Despite asserting that she reviewed the available medical records, Dr. Banks did not identify the Plaintiff's pain from bilateral arthritis in his hands and feet, or the Plaintiff's ongoing pain and numbness is her hands, post-bilateral carpal tunnel release surgery as having any impact on his functional capacity.

23.    As a result, Dr. Banks' opinions are not reasonably supported by the medical treatment records.

24.    In turn, the Defendant's reliance on Dr. Banks' opinions is equally flawed.

25.    The Defendant's denial of the Plaintiff's Claim is arbitrary and capricious.

### COUNT II

26.    The Defendant approved and paid the Plaintiff's Claim for 19 months, well beyond the end of the Policy's 12-month period of disability for

the Plaintiff's inability to perform the material duties of his Regular Occupation.

27.   Thus, for the 7 months after the end of this "regular occupation disability" period, the Defendant agreed that, solely due to Injury or Sickness, the Plaintiff could not perform the material duties of any occupation for which he "is, or may reasonably become, qualified based on education, training, or experience; and (2) unable to earn 80% or more of his or her Indexed Earnings."

28.   At the end of this 7-month period, the Defendant changed its position and asserted he could perform the material duties of his regular Occupation as a commercial truck driver, and also asserted he could perform the material duties of a packing house supervisor.

29.   During this 7-month period, the Plaintiff's Sicknesses and resulting symptoms worsened and certainly, did not improve.

30.   The Defendant's change in position and claim that the Plaintiff could perform the material duties of his regular Occupation as a commercial truck driver as of March 5, 2017, after paying him LTD benefits for 19 months based on a 180 degree opposite conclusion is not reasonably supported by the substantial medical evidence.

31.   Further, the Plaintiff does not have the physical functional capacity to perform the light duty demands of a packing house supervisor.

32. For these additional reasons, the Defendant's denial of the Plaintiff's Claim is arbitrary and capricious.

## COUNT III

33. The medical evidence demonstrates that solely due to Injury or Sickness, the Plaintiff is unable to perform the material duties of any occupation for which he "is, or may reasonably become, qualified based on education, training, or experience; and (2) unable to earn 80% or more of his or her Indexed Earnings."

34. For this reason, the Defendant's denial of the Plaintiff's Claim was arbitrary and capricious.

## Prayer For Relief

35. Pursuant to 29 U.S.C. §1132(a)(A)(1)(B), the Plaintiff respectfully asks this Court to enforce his rights under the terms of the ERISA LTD plan, and enter the following judgment:

    A. Reverse the Defendant's denial and award the Plaintiff his Claim benefits he is entitled to, using March 6, 2017, the date after benefits stopped, with interest;

    B. Direct the Defendant to continue to pay the Plaintiff his monthly LTD benefits as long as he qualifies for such benefits under the terms of the ERISA LTD Plan; and

    C. Order the Defendant to pay the Plaintiff's attorneys their reasonable attorneys' fees.

Respectfully submitted:


Date: February 6, 2018

<u>/s/ Andrew J. Bernstein</u>
Andrew J. Bernstein, Esq.
Bar No. 002257
Attorney for the Plaintiff
Law Offices of Joe Bornstein
P.O. Box 4685
Portland, ME 04112